**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-cv-00557-EWN-PAC

QFA ROYALTIES LLC and
QIP HOLDER LLC,

       Plaintiffs,

v.

HARINDERPAL S. AHLUWALIA

       Defendant.

---

**AGREED PERMANENT INJUNCTION**

---

On this date, the Court considered the above-entitled and numbered cause of action between Plaintiffs QFA Royalties LLC ("QFA") and QIP Holder LLC ("QIP") (collectively "Quizno's") and Defendant Harinderpal S. Ahluwalia ("Defendant").  Upon stipulation between Quizno's and Defendant the Court hereby **GRANTS** the parties' Agreed Permanent Injunction Order.

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1.      This action arises out of three written Franchise Agreements entered into by and between Defendant and QFA or its predecessors.  Pursuant to the Franchise Agreements, Defendant was granted the right, subject to the terms and conditions of the Franchise Agreements, to operate Quiznos Sub Restaurant No. 1733 located at 1340 Churncreek #C-5, Redding, CA 96003; Quiznos Sub Restaurant No. 2638 located at 18850 Old Oasis Boulevard, Redding, CA 96003; and Quiznos Sub Restaurant No. 6572 located at 182 South Main Street, Red Bluff, CA 96080 (the "Restaurants").

2

2.      Venue is proper in the United States District Court for the District of Colorado as provided in paragraph 21.1 of the Franchise Agreements.

3.      Quizno's alleges that Defendant failed to comply with the lawful provisions of the Franchise Agreements and that Defendant failed and refused to cure his defaults; that Quizno's terminated the Franchise Agreements, consistent with the express terms of the written Franchise Agreements; that following termination Defendant was required, *inter alia*, to cease operating as Quizno's franchisee and identifying himself as a Quizno's franchisee, to cease using Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names, to de-identify the former restaurants by removing the Quizno's Marks, trade dress, signs and symbols and to refrain from operating a competing deli-type restaurants from the former location of Restaurant Nos. 1733, 2638 and 6572 or within five miles of that or any other Quiznos Sub restaurant location.

4.      Quizno's further alleges that notwithstanding the termination of the Franchise Agreements and Quizno's demand that Defendant cease using Quizno's trademarks and service marks, Defendant and his agents continued to hold himself out to the public as an authorized franchisee of Quizno's, passing off the restaurants as being sponsored by, affiliated with, or endorsed by Quizno's.  In particular, Quizno's alleges that Defendant and his agents were using the Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names in connection with the operation of a competing deli-type restaurant at the same location as the former Quizno's Restaurants, and that Defendant and his agents used Quizno's confidential and proprietary information by selling to the public food using Quizno's recipes, sauces and products.

5. The Parties stipulate that the Franchise Agreements relating to all three Restaurants have been terminated.

6. In order to avoid the cost, expense and time involved in litigating these issues, Defendant has agreed to the entry of this Agreed Permanent Injunction against him, without admitting any of the allegations set forth in paragraphs 3 and 4.

7. Defendant hereby waives any and all claims that this permanent injunction was improperly entered.

8. Accordingly, Defendant agrees to comply with the post-termination covenants in the Franchise Agreements including, but not limited to, his obligation not to own or operate (directly or indirectly) any competing business, as defined in the Franchise Agreements, at the location of Defendant's former Quiznos Sub Restaurant Nos. 1733, 2638 and 6572, or any location within 5 miles of a Quiznos Sub restaurant for a period of two years, to cease using Quizno's proprietary Marks, trade secrets, trade dress, signs, symbols and trade names and otherwise comply with the following order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Defendant, his agents, servants and employees, and those people in active concert or participation with him are enjoined from:

Using Quizno's Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

 a. Otherwise infringing on Quizno's Marks or using any similar designation, alone or in combination with any other components;

 b. Passing off any of his products or services as those of Quizno's or its authorized franchisees;

      c.      Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of his businesses, products or services;

      d.      Causing a likelihood of confusion or misunderstanding as to his affiliation, connection or association with Quizno's and its franchisees or any of Quizno's products or services; and

      e.      Unfairly competing with Quizno's or its franchisees in any manner.

For a period of two years, Defendant is enjoined from having any direct or indirect interest in any submarine, hoagie, hero-type and/or deli-style sandwich restaurant located or operating within a five (5) mile radius of his former Quiznos Sub Restaurant No. 2638 located at 18850 Old Oasis Boulevard, Redding, CA 96003; Quiznos Sub Restaurant No. 1733 located at 1340 Churncreek #C5, Redding, CA 96003; and Quiznos Sub Restaurant No. 6572 located at 182 South Main Street, Red Bluff, CA 96080, or within a five (5) mile radius of any other Quiznos Sub Restaurant.

Defendant shall remove from the location (interior and exterior) of his former Quiznos Sub Restaurants and return all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Defendant, his affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with him bearing Quizno's Marks, and all plates, molds, and other means of making the same used in connection with Defendant's former Quizno's Restaurants, if any, all at Defendant's cost.

> Defendant shall eliminate any advertising under Quizno's Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, menus, telephone books, telephone directory assistance listings and mass mailings used in connection with Defendant's former Quizno's Restaurants, all at Defendant's cost.

Defendant shall perform his contractual post-termination obligations, including his obligation to:

> a. Take any and all necessary steps to cancel and/or transfer to Quizno's any telephone numbers associated with Quizno's Marks used in connection with the operation of Defendant's former Quizno's Restaurants; and
>
> b. Return to Quizno's all operating manuals and other materials provided to Defendant in connection with the operation of his former Quizno's Restaurants, and all materials bearing any of Quizno's Marks.

Defendant shall file with the Court and serve upon Quizno's counsel within ten (10) days after entry of this Order, a written report, under oath, setting forth in detail the manner in which it has complied with this Order.

The Motion to Enter Agreed Permanent Injunction and to Vacate Hearing (#13) is GRANTED. The preliminary injunction hearing scheduled for Wednesday, June 28, 2006, is VACATED.

AGREED TO this 27th day of June, 2006:

s/ *Leonard H. MacPhee*                                   s/ *Harinderpal Ahluwalia*
Leonard H. MacPhee                                         Harinderpal Ahluwalia, Defendant
Attorney for Plaintiffs
Perkins Coie, LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303-291-2300
Facsimile: 303-291-2400
lmacphee@perkinscoie.com

SO ORDERED this 27th day of June, 2006.

BY THE COURT:

s/ Edward W. Nottingham
United States District Judge